1  TRACY L. WILKISON
   Attorney for the United States,
2  Acting Under Authority Conferred by
   28 U.S.C. § 515
3  PATRICK R. FITZGERALD
   Assistant United States Attorney
4  Chief, National Security Division
   CHRISTOPHER D. GRIGG (California Bar No. 220243)
5  Assistant United States Attorney
   Chief, Terrorism and Export Crimes Section
6  MELANIE SARTORIS (California Bar No. 217560)
   Assistant United States Attorney
7  Deputy Chief, General Crimes Section
   JULIUS J. NAM (California Bar No. 288961)
8  Assistant United States Attorney
   Criminal Appeals Section
9       1500 United States Courthouse
        312 North Spring Street
10      Los Angeles, California 90012
        Telephone:      (213) 894-5429/5615/8692
11      Facsimile:      (213) 894-2927
        E-mail:         christopher.grigg@usdoj.gov
12                      melanie.sartoris@usdoj.gov
                        julius.nam@usdoj.gov
13
   Attorneys for Plaintiff
14 UNITED STATES OF AMERICA

15              UNITED STATES DISTRICT COURT

16         FOR THE CENTRAL DISTRICT OF CALIFORNIA

17 UNITED STATES OF AMERICA,        No. CR 20 - 00058

18         Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                    RAFIA SULTANA SHAREEF
19         v.

20 RAFIA SULTANA SHAREEF,
      aka "Rafia Farook,"
21
           Defendant.
22

23

24      1.    This constitutes the plea agreement between RAFIA SULTANA

25 SHAREEF, also known as "Rafia Farook" ("defendant"), and the United

26 States Attorney's Office for the Central District of California ("the

27 USAO") in the investigation of alteration, destruction, and

28 mutilation of records by defendant.  This agreement is limited to the

USAO and cannot bind any other federal, state, local, or foreign
prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and,
at the earliest opportunity requested by the USAO and provided by the
Court, appear and plead guilty to a single-count information in the
form attached to this agreement as Exhibit A or a substantially
similar form, which charges defendant with alteration, destruction,
and mutilation of records in violation of Title 18, United States
Code, Section 1519.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained
in this agreement.

d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

f.   Be truthful at all times with the United States
Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the
time of sentencing unless defendant has demonstrated a lack of
ability to pay such assessments.

3.   Defendant further agrees to cooperate fully with the USAO,
the Federal Bureau of Investigation, and, as directed by the USAO,

1   any other federal, state, local, or foreign prosecuting, enforcement,

2   administrative, or regulatory authority.  This cooperation requires

3   defendant to:

4           a.   Respond truthfully and completely to all questions

5   that may be put to defendant, whether in interviews, before a grand

6   jury, or at any trial or other court proceeding.

7           b.   Attend all meetings, grand jury sessions, trials or

8   other proceedings at which defendant's presence is requested by the

9   USAO or compelled by subpoena or court order.

10          c.   Produce voluntarily all documents, records, or other

11  tangible evidence relating to matters about which the USAO, or its

12  designee, inquires.

13      4.   For purposes of this agreement: (1) "Cooperation

14  Information" shall mean any statements made, or documents, records,

15  tangible evidence, or other information provided, by defendant

16  pursuant to defendant's cooperation under this agreement; and

17  (2) "Plea Information" shall mean any statements made by defendant,

18  under oath, at the guilty plea hearing and the agreed to factual

19  basis statement in this agreement.

20                          THE USAO'S OBLIGATIONS

21      5.   The USAO agrees to:

22          a.   Not contest facts agreed to in this agreement.

23          b.   Abide by all agreements regarding sentencing contained

24  in this agreement.

25          c.   At the time of sentencing, provided that defendant

26  demonstrates an acceptance of responsibility for the offense up to

27  and including the time of sentencing, recommend a sentence of

28  imprisonment no higher than 18 months.

1      6.   The USAO further agrees:

2      a.   Not to offer as evidence in its case-in-chief in the
3 above-captioned case or any other criminal prosecution that may be
4 brought against defendant by the USAO, or in connection with any
5 sentencing proceeding in any criminal case that may be brought
6 against defendant by the USAO, any Cooperation Information.
7 Defendant agrees, however, that the USAO may use both Cooperation
8 Information and Plea Information: (1) to obtain and pursue leads to
9 other evidence, which evidence may be used for any purpose, including
10 any criminal prosecution of defendant; (2) to cross-examine defendant
11 should defendant testify, or to rebut any evidence offered, or
12 argument or representation made, by defendant, defendant's counsel,
13 or a witness called by defendant in any trial, sentencing hearing, or
14 other court proceeding; and (3) in any criminal prosecution of
15 defendant for false statement, obstruction of justice, or perjury.

16      b.   Not to use Cooperation Information against defendant
17 at sentencing for the purpose of determining the applicable guideline
18 range, including the appropriateness of an upward departure, or the
19 sentence to be imposed, and to recommend to the Court that
20 Cooperation Information not be used in determining the applicable
21 guideline range or the sentence to be imposed. Defendant
22 understands, however, that Cooperation Information will be disclosed
23 to the United States Probation and Pretrial Services Office and the
24 Court, and that the Court may use Cooperation Information for the
25 purposes set forth in U.S.S.G § 1B1.8(b) and for determining the
26 sentence to be imposed.

27

28

1        c.    In connection with defendant's sentencing, to bring to

2   the Court's attention the nature and extent of defendant's

3   cooperation.

4        d.    If the USAO determines, in its exclusive judgment,

5   that defendant has both complied with defendant's obligations under

6   paragraphs 2 and 3 above and provided substantial assistance to law

7   enforcement in the prosecution or investigation of another

8   ("substantial assistance"), to move the Court pursuant to U.S.S.G.

9   § 5K1.1 to fix an offense level and corresponding guideline range

10  below that otherwise dictated by the sentencing guidelines, and to

11  recommend a term of imprisonment within this reduced range.

12            DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

13       7.   Defendant understands the following:

14       a.   Any knowingly false or misleading statement by

15  defendant will subject defendant to prosecution for false statement,

16  obstruction of justice, and perjury and will constitute a breach by

17  defendant of this agreement.

18       b.   Nothing in this agreement requires the USAO or any

19  other prosecuting, enforcement, administrative, or regulatory

20  authority to accept any cooperation or assistance that defendant may

21  offer, or to use it in any particular way.

22       c.   Defendant cannot withdraw defendant's guilty plea if

23  the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a

24  reduced guideline range or if the USAO makes such a motion and the

25  Court does not grant it or if the Court grants such a USAO motion but

26  elects to sentence above the reduced range.

27       d.   At this time the USAO makes no agreement or

28  representation as to whether any cooperation that defendant has

5

1  provided or intends to provide constitutes or will constitute
2  substantial assistance.  The decision whether defendant has provided
3  substantial assistance will rest solely within the exclusive judgment
4  of the USAO.

5          e.   The USAO's determination whether defendant has
6  provided substantial assistance will not depend in any way on whether
7  the government prevails at any trial or court hearing in which
8  defendant testifies or in which the government otherwise presents
9  information resulting from defendant's cooperation.

10                       NATURE OF THE OFFENSE
11     8.   Defendant understands that for defendant to be guilty of
12  the crime charged in the single-count information, that is,
13  alteration, destruction, and mutilation of records, in violation of
14  Title 18, United States Code, Section 1519, the following must be
15  true: (1) defendant knowingly altered, destroyed, or mutilated a
16  record, document or tangible object; and (2) defendant acted with the
17  intent to impede, obstruct or influence an actual or contemplated
18  investigation of a matter within the jurisdiction of any department
19  or agency of the United States.

20                            PENALTIES
21     9.   Defendant understands that the statutory maximum sentence
22  that the Court can impose for a violation of Title 18, United States
23  Code, Section 1519, is: 20 years' imprisonment; a three-year period
24  of supervised release; a fine of $250,000 or twice the gross gain or
25  gross loss resulting from the offense, whichever is greatest; and a
26  mandatory special assessment of $100.
27     10.  Defendant understands that supervised release is a period
28  of time following imprisonment during which defendant will be subject

to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration

1  consequences will not serve as grounds to withdraw defendant's guilty
2  plea.

3                              FACTUAL BASIS

4      13.  Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 15 below but is
10  not meant to be a complete recitation of all facts relevant to the
11  underlying criminal conduct or all facts known to either party that
12  relate to that conduct.

13      On December 2, 2015, defendant was living at a residence that
14  she shared with her son, Syed Rizwan Farook ("Farook"), Farook's
15  wife, Tashfeen Malik ("Malik"), and the infant child of Farook and
16  Malik.  The residence was on Center Street in Redlands (the "Center
17  Street Residence"), in San Bernardino County, California.

18      At approximately 8:00 a.m. on December 2, 2015, Farook and Malik
19  left the Center Street Residence, leaving their infant with
20  defendant.  Farook told defendant that he and Malik were going to a
21  medical appointment, which was not true.  Farook and Malik instead
22  drove a black SUV that Farook had rented a few days earlier to the
23  Inland Regional Center ("IRC") located at 1365 South Waterman Avenue,
24  San Bernardino, California.  Farook entered the IRC alone, while
25  Malik waited in the parking lot of the IRC in the SUV.  Farook placed
26  a bag containing an improvised explosive device ("IED") in a
27  conference room where his coworkers were holding an event.  After
28  some time, Farook and Malik drove away from the IRC.

                                    8

1        At approximately 10:58 a.m., Farook and Malik returned to the

2   IRC dressed in black tactical gear, approached the IRC on foot from

3   the exterior, and opened fire using high-powered firearms on

4   individuals outside and inside the venue.  Farook and Malik wounded

5   at least 22 people and killed Robert Adams, Michael Wetzel,

6   Bennedetta Betbadal, Nicholas Thalasinos, Yvette Velasco, Aurora

7   Godoy, Juan Espinoza, Daniel Kaufman, Shannon Johnson, Damien Meins,

8   Sierra Clayborn, Harry Bowman, Tin Nguyen, and Isaac Amanios.  At

9   approximately 11:01 a.m., Farook and Malik departed the IRC and began

10  driving in and around the San Bernardino area.  Later that day, at or

11  about 3:08 p.m., law enforcement officers encountered Farook and

12  Malik in the black SUV in San Bernardino near the IRC.  Farook and

13  Malik engaged in a firefight with law enforcement officers that

14  resulted in the wounding of a law enforcement officer and the deaths

15  of Farook and Malik.

16       Sometime between 11:43 a.m. and 3:06 p.m., while defendant was

17  still at the Center Street Residence, she learned that law

18  enforcement had identified Farook as a suspect in the attack at the

19  IRC.  At approximately 3:06 p.m., one of defendant's family members

20  ("FM1") arrived at the Center Street Residence to pick up defendant

21  and the infant.  Defendant and FM1 discussed their shared belief that

22  Farook and Malik had perpetrated the attack at the IRC.

23  Approximately ten minutes after FM1 arrived at the Center Street

24  Residence, another family member ("FM2") arrived to assist defendant

25  with departing from the Center Street Residence with the infant.  In

26  the presence of FM1 and FM2, defendant further expressed her belief

27  that Farook and Malik had perpetrated the attack at the IRC.

28  Defendant, FM1, and FM2 packed defendant's and the infant's

1  belongings and placed them in FM1's car before leaving the Center
2  Street Residence at approximately 3:41 p.m.

3       Prior to leaving the Center Street Residence, defendant went
4  into the bedroom of Farook, Malik, and their infant, grabbed at least
5  one document that appeared to be a map (the "Document"), and fed the
6  Document into a shredder, causing the Document to be altered,
7  mutilated, and destroyed.  Defendant knew that the Document had been
8  produced by Farook, and defendant believed the Document to be
9  directly related to Farook's and Malik's planning of the attack at
10 the IRC.  The Document was thus especially probative of the attack
11 perpetrated by Farook and Malik.

12      Defendant's intent in shredding the Document was to impede,
13 obstruct, and influence the criminal investigation that she knew had
14 begun or contemplated would begin into the attack at the IRC by
15 Farook and Malik.  Defendant agrees that that criminal investigation
16 was a matter within the jurisdiction of the United States Department
17 of Justice ("DOJ"), a department of the United States.

18      Defendant was not one of the shooters at the IRC or involved in
19 the subsequent firefight with law enforcement.  The government has
20 not alleged that defendant had prior knowledge of the attack at the
21 IRC.  When defendant shredded the Document, DOJ and its agencies had
22 not formally determined that the attack at the IRC involved a federal
23 crime of terrorism and had not formally opened an investigation into
24 the attack as such.

25                           SENTENCING FACTORS

26      14.  Defendant understands that in determining defendant's
27 sentence the Court is required to calculate the applicable Sentencing
28 Guidelines range and to consider that range, possible departures

                                   10

under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

15.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 14 | [U.S.S.G. § 2J1.2(a)] |
| Selection of Especially Probative Document to Destroy: | +2 | [U.S.S.G. § 2J1.2(b)(3)] |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7), subject to the restriction in
paragraph 5.c of this agreement that the government will not seek a
sentence greater than 18 months.

## WAIVER OF CONSTITUTIONAL RIGHTS

18.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

11

1          a.    The right to persist in a plea of not guilty.

2          b.    The right to a speedy and public trial by jury.

3          c.    The right to be represented by counsel – and if
4    necessary have the Court appoint counsel – at trial.  Defendant
5    understands, however, that, defendant retains the right to be
6    represented by counsel – and if necessary have the Court appoint
7    counsel – at every other stage of the proceeding.

8          d.    The right to be presumed innocent and to have the
9    burden of proof placed on the government to prove defendant guilty
10   beyond a reasonable doubt.

11         e.    The right to confront and cross-examine witnesses
12   against defendant.

13         f.    The right to testify and to present evidence in
14   opposition to the charge, including the right to compel the
15   attendance of witnesses to testify.

16         g.    The right not to be compelled to testify, and, if
17   defendant chose not to testify or present evidence, to have that
18   choice not be used against defendant.

19         h.    Any and all rights to pursue any affirmative defenses,
20   Fourth Amendment or Fifth Amendment claims, and other pretrial
21   motions that have been filed or could be filed.

22      19.  Having been fully advised by defendant's attorney regarding
23   application of the statute of limitations to the offense to which
24   defendant is pleading guilty, defendant hereby knowingly,
25   voluntarily, and intelligently waives, relinquishes, and gives up:
26   (a) any right that defendant might have not to be prosecuted for the
27   offense to which defendant is pleading guilty because of the
28   expiration of the statute of limitations for that offense prior to

1   the filing of the information alleging that offense; and (b) any
2   defense, claim, or argument defendant could raise or assert that
3   prosecution of the offense to which defendant is pleading guilty is
4   barred by the expiration of the applicable statute of limitations,
5   pre-indictment delay, or any speedy trial violation.

6                    WAIVER OF APPEAL OF CONVICTION

7        20.  Defendant understands that, with the exception of an appeal
8   based on a claim that defendant's guilty plea was involuntary, by
9   pleading guilty defendant is waiving and giving up any right to
10  appeal defendant's conviction on the offense to which defendant is
11  pleading guilty.  Defendant understands that this waiver includes,
12  but is not limited to, arguments that the statute to which defendant
13  is pleading guilty is unconstitutional, and any and all claims that
14  the statement of facts provided herein is insufficient to support
15  defendant's plea of guilty.

16              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17       21.  Defendant agrees that, provided the Court imposes a total
18  term of imprisonment on all counts of conviction of no more than 18
19  months, defendant gives up the right to appeal all of the following:
20  (a) the procedures and calculations used to determine and impose any
21  portion of the sentence; (b) the term of imprisonment imposed by the
22  Court; (c) the fine imposed by the Court, provided it is within the
23  statutory maximum; (d) to the extent permitted by law, the
24  constitutionality or legality of defendant's sentence, provided it is
25  within the statutory maximum; (e) the term of probation or supervised
26  release imposed by the Court, provided it is within the statutory
27  maximum; and (f) any of the following conditions of probation or
28  supervised release imposed by the Court: the conditions set forth in

1  General Order 18-10 of this Court; the drug testing conditions

2  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and

3  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

4     22.  The USAO agrees that, provided all portions of the sentence

5  are at or below the statutory maximum specified above, the USAO gives

6  up its right to appeal any portion of the sentence.

7                 RESULT OF WITHDRAWAL OF GUILTY PLEA

8     23.  Defendant agrees that if, after entering a guilty plea

9  pursuant to this agreement, defendant seeks to withdraw and succeeds

10  in withdrawing defendant's guilty plea on any basis other than a

11  claim and finding that entry into this plea agreement was

12  involuntary, then (a) the USAO will be relieved of all of its

13  obligations under this agreement, including in particular its

14  obligations regarding the use of Cooperation Information; (b) in any

15  investigation, criminal prosecution, or civil, administrative, or

16  regulatory action, defendant agrees that any Cooperation Information

17  and any evidence derived from any Cooperation Information shall be

18  admissible against defendant, and defendant will not assert, and

19  hereby waives and gives up, any claim under the United States

20  Constitution, any statute, or any federal rule, that any Cooperation

21  Information or any evidence derived from any Cooperation Information

22  should be suppressed or is inadmissible.

23                   EFFECTIVE DATE OF AGREEMENT

24     24.  This agreement is effective upon signature and execution of

25  all required certifications by defendant, defendant's counsel, and an

26  Assistant United States Attorney.

27

28

## BREACH OF AGREEMENT

25.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.   If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.   If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b.   The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

1    c.   The USAO will be free to criminally prosecute
2 defendant for false statement, obstruction of justice, and perjury
3 based on any knowingly false or misleading statement by defendant.
4    d.   In any investigation, criminal prosecution, or civil,
5 administrative, or regulatory action: (i) defendant will not assert,
6 and hereby waives and gives up, any claim that any Cooperation
7 Information was obtained in violation of the Fifth Amendment
8 privilege against compelled self-incrimination; and (ii) defendant
9 agrees that any Cooperation Information and any Plea Information, as
10 well as any evidence derived from any Cooperation Information or any
11 Plea Information, shall be admissible against defendant, and
12 defendant will not assert, and hereby waives and gives up, any claim
13 under the United States Constitution, any statute, Rule 410 of the
14 Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
15 Criminal Procedure, or any other federal rule, that any Cooperation
16 Information, any Plea Information, or any evidence derived from any
17 Cooperation Information or any Plea Information should be suppressed
18 or is inadmissible.

19               COURT AND UNITED STATES PROBATION AND
20               PRETRIAL SERVICES OFFICE NOT PARTIES
21    26.   Defendant understands that the Court and the United States
22 Probation and Pretrial Services Office are not parties to this
23 agreement and need not accept any of the USAO's sentencing
24 recommendations or the parties' agreements to facts or sentencing
25 factors.
26    27.   Defendant understands that both defendant and the USAO are
27 free to: (a) supplement the facts by supplying relevant information
28 to the United States Probation and Pretrial Services Office and the

Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

29. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

4       30.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 TRACY L. WILKISON
   Attorney for the United States,
11 Acting Under Authority Conferred
   by 28 U.S.C. § 515

12

13

14 _____          Date
   CHRISTOPHER D. GRIGG
15 MELANIE SARTORIS
   JULIUS J. NAM
16 Assistant United States Attorneys

17 _____          2/26/20
   RAFIA SULTANA SHAREEF                      Date
18 Defendant
                                             26 /Feb/ 20
19 _____          Date
   CHARLES SWIFT
20 Attorney for Defendant
   RAFIA SULTANA SHAREEF

21

22              <u>CERTIFICATION OF DEFENDANT</u>

23       I have read this document in its entirety.  I have had enough

24 time to review and consider this agreement, and I have carefully and

25 thoroughly discussed every part of it with my attorney.  I understand

26 the terms of this agreement, and I voluntarily agree to those terms.

27 I have discussed the evidence with my attorney, and my attorney has

28 advised me of my rights, of possible pretrial motions that might be

                            18

filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Rafia S. Shareef_     _2/26/20_

RAFIA SULTANA SHAREEF       Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RAFIA SULTANA SHAREEF's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

1   forth in this agreement is sufficient to support my client's entry of

2   a guilty plea pursuant to this agreement.

3   _____        26 Feb 20

4   CHARLES SWIFT                            Date
    Attorney for Defendant
5   RAFIA SULTANA SHAREEF

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,        No.

12              Plaintiff,            I N F O R M A T I O N

13              v.                    [18 U.S.C. § 1519: Alteration,
                                      Destruction, and Mutilation of
14   RAFIA SULTANA SHAREEF,           Records]
        aka "Rafia Farook,"
15
                Defendant.
16

17

18        The Attorney for the United States charges:

19                     [18 U.S.C. § 1519]

20        On or about December 2, 2015, in San Bernardino County, within

21   the Central District of California, defendant RAFIA SULTANA SHAREEF,

22   also known as "Rafia Farook," knowingly altered, destroyed, and

23   mutilated a document, namely, a handwritten "map" drafted by Syed

24   Rizwan Farook and Tashfeen Malik, two perpetrators of the December 2,

25   2015 terrorist attack at the Inland Regional Center in San

26   Bernardino, California, with the intent to impede, obstruct, and

27   influence the investigation and proper administration of a matter

28

1  within the jurisdiction of the United States Department of Justice,

2  and in relation to and in contemplation of any such matter.

3

4                              TRACY L. WILKISON
                               Attorney for the United States,
5                              Acting Under Authority Conferred
                               by 28 U.S.C. § 515
6

7

8

9                              PATRICK R. FITZGERALD
                               Assistant United States Attorney
                               Chief, National Security Division
10

11                             CHRISTOPHER D. GRIGG
                               Assistant United States Attorney
                               Chief, Terrorism and Export Crimes Section
12

13                             MELANIE SARTORIS
                               Assistant United States Attorney
                               Deputy Chief, General Crimes Section
14

15                             JULIUS J. NAM
                               Assistant United States Attorney
                               Criminal Appeals Section
16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Stephanie Ascencio, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **PLEA AGREEMENT FOR DEFENDANT RAFIA SULTANA SHAREEF**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows: **SEE ATTACHED**

☐ By hand delivery, addressed as follows:

☐ By email delivery, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **March 2, 2020**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

_____
Stephanie Ascencio
Legal Assistant

**<u>ATTACHMENT</u>**

CHARLES SWIFT
833 E. ARAPAHO RD., SUITE 102
RICHARDSON, TX   75081