TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
CHRISTOPHER D. GRIGG (California Bar No. 220243)
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
MELANIE SARTORIS (California Bar No. 217560)
Assistant United States Attorney
Deputy Chief, General Crimes Section
JULIUS J. NAM (California Bar No. 288961)
Assistant United States Attorney
Criminal Appeals Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-5429/5615/8692
    Facsimile:    (213) 894-2927
    E-mail:    christopher.grigg@usdoj.gov
        melanie.sartoris@usdoj.gov
        julius.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>RAFIA SULTANA SHAREEF,<br>   aka "Rafia Farook,"<br><br>       Defendant. | No.<br><br>PLEA AGREEMENT FOR DEFENDANT<br>RAFIA SULTANA SHAREEF |

    1.   This constitutes the plea agreement between RAFIA SULTANA SHAREEF, also known as "Rafia Farook" ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the investigation of alteration, destruction, and mutilation of records by defendant.  This agreement is limited to the

USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with alteration, destruction, and mutilation of records in violation of Title 18, United States Code, Section 1519.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees to cooperate fully with the USAO, the Federal Bureau of Investigation, and, as directed by the USAO,

any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.   Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.   Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.   For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

<u>THE USAO'S OBLIGATIONS</u>

5.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a sentence of imprisonment no higher than 18 months.

6.    The USAO further agrees:

a.    Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b.    Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed.  Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c.    In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d.    If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 3 above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

<u>DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION</u>

7.    Defendant understands the following:

a.    Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b.    Nothing in this agreement requires the USAO or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c.    Defendant cannot withdraw defendant's guilty plea if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range.

d.    At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has

provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e.   The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

<u>NATURE OF THE OFFENSE</u>

8.   Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, alteration, destruction, and mutilation of records, in violation of Title 18, United States Code, Section 1519, the following must be true: (1) defendant knowingly altered, destroyed, or mutilated a record, document or tangible object; and (2) defendant acted with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

<u>PENALTIES</u>

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1519, is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

6

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration

consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On December 2, 2015, defendant was living at a residence that she shared with her son, Syed Rizwan Farook ("Farook"), Farook's wife, Tashfeen Malik ("Malik"), and the infant child of Farook and Malik.  The residence was on Center Street in Redlands (the "Center Street Residence"), in San Bernardino County, California.

At approximately 8:00 a.m. on December 2, 2015, Farook and Malik left the Center Street Residence, leaving their infant with defendant.  Farook told defendant that he and Malik were going to a medical appointment, which was not true.  Farook and Malik instead drove a black SUV that Farook had rented a few days earlier to the Inland Regional Center ("IRC") located at 1365 South Waterman Avenue, San Bernardino, California.  Farook entered the IRC alone, while Malik waited in the parking lot of the IRC in the SUV.  Farook placed a bag containing an improvised explosive device ("IED") in a conference room where his coworkers were holding an event.  After some time, Farook and Malik drove away from the IRC.

At approximately 10:58 a.m., Farook and Malik returned to the IRC dressed in black tactical gear, approached the IRC on foot from the exterior, and opened fire using high-powered firearms on individuals outside and inside the venue.  Farook and Malik wounded at least 22 people and killed Robert Adams, Michael Wetzel, Bennedetta Betbadal, Nicholas Thalasinos, Yvette Velasco, Aurora Godoy, Juan Espinoza, Daniel Kaufman, Shannon Johnson, Damien Meins, Sierra Clayborn, Harry Bowman, Tin Nguyen, and Isaac Amanios.  At approximately 11:01 a.m., Farook and Malik departed the IRC and began driving in and around the San Bernardino area.  Later that day, at or about 3:08 p.m., law enforcement officers encountered Farook and Malik in the black SUV in San Bernardino near the IRC.  Farook and Malik engaged in a firefight with law enforcement officers that resulted in the wounding of a law enforcement officer and the deaths of Farook and Malik.

Sometime between 11:43 a.m. and 3:06 p.m., while defendant was still at the Center Street Residence, she learned that law enforcement had identified Farook as a suspect in the attack at the IRC.  At approximately 3:06 p.m., one of defendant's family members ("FM1") arrived at the Center Street Residence to pick up defendant and the infant.  Defendant and FM1 discussed their shared belief that Farook and Malik had perpetrated the attack at the IRC.  Approximately ten minutes after FM1 arrived at the Center Street Residence, another family member ("FM2") arrived to assist defendant with departing from the Center Street Residence with the infant.  In the presence of FM1 and FM2, defendant further expressed her belief that Farook and Malik had perpetrated the attack at the IRC.  Defendant, FM1, and FM2 packed defendant's and the infant's

belongings and placed them in FM1's car before leaving the Center Street Residence at approximately 3:41 p.m.

Prior to leaving the Center Street Residence, defendant went into the bedroom of Farook, Malik, and their infant, grabbed at least one document that appeared to be a map (the "Document"), and fed the Document into a shredder, causing the Document to be altered, mutilated, and destroyed.  Defendant knew that the Document had been produced by Farook, and defendant believed the Document to be directly related to Farook's and Malik's planning of the attack at the IRC.  The Document was thus especially probative of the attack perpetrated by Farook and Malik.

Defendant's intent in shredding the Document was to impede, obstruct, and influence the criminal investigation that she knew had begun or contemplated would begin into the attack at the IRC by Farook and Malik.  Defendant agrees that that criminal investigation was a matter within the jurisdiction of the United States Department of Justice ("DOJ"), a department of the United States.

Defendant was not one of the shooters at the IRC or involved in the subsequent firefight with law enforcement.  The government has not alleged that defendant had prior knowledge of the attack at the IRC.  When defendant shredded the Document, DOJ and its agencies had not formally determined that the attack at the IRC involved a federal crime of terrorism and had not formally opened an investigation into the attack as such.

<u>SENTENCING FACTORS</u>

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 14 | | [U.S.S.G. § 2J1.2(a)] |
| Selection of Especially Probative Document to Destroy: | +2 | | [U.S.S.G. § 2J1.2(b)(3)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to the restriction in paragraph 5.c of this agreement that the government will not seek a sentence greater than 18 months.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.   Defendant understands that by pleading guilty, defendant gives up the following rights:

11

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

19.   Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for that offense prior to

the filing of the information alleging that offense; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

## WAIVER OF APPEAL OF CONVICTION

20.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

21.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 18 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in

General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22.   The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

<u>EFFECTIVE DATE OF AGREEMENT</u>

24.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  For example, if defendant knowingly, in an interview, before a grand jury, or at trial, falsely accuses another person of criminal conduct or falsely minimizes defendant's own role, or the role of another, in criminal conduct, defendant will have breached this agreement.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then:

a.  If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b.  The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

## COURT AND UNITED STATES PROBATION AND
## PRETRIAL SERVICES OFFICE NOT PARTIES

26.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the

Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

17

1   promise, understanding, or agreement may be entered into unless in a

2   writing signed by all parties or on the record in court.

3                  PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4        30.   The parties agree that this agreement will be considered

5   part of the record of defendant's guilty plea hearing as if the

6   entire agreement had been read into the record of the proceeding.

7   AGREED AND ACCEPTED

8   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
9   CALIFORNIA

10  TRACY L. WILKISON
    Attorney for the United States,
11  Acting Under Authority Conferred
    by 28 U.S.C. § 515

12

13                                              February 28, 2020

14  CHRISTOPHER D. GRIGG                        Date
    MELANIE SARTORIS
15  JULIUS J. NAM
    Assistant United States Attorneys

16

17  RAFIA SULTANA SHAREEF                       Date
    Defendant

18

19  CHARLES SWIFT                               Date
    Attorney for Defendant
20  RAFIA SULTANA SHAREEF

21

22                       CERTIFICATION OF DEFENDANT

23       I have read this document in its entirety.  I have had enough

24  time to review and consider this agreement, and I have carefully and

25  thoroughly discussed every part of it with my attorney.  I understand

26  the terms of this agreement, and I voluntarily agree to those terms.

27  I have discussed the evidence with my attorney, and my attorney has

28  advised me of my rights, of possible pretrial motions that might be

                                   18

1  filed, of possible defenses that might be asserted either prior to or

2  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

3  of relevant Sentencing Guidelines provisions, and of the consequences

4  of entering into this agreement.  No promises, inducements, or

5  representations of any kind have been made to me other than those

6  contained in this agreement.  No one has threatened or forced me in

7  any way to enter into this agreement.  I am satisfied with the

8  representation of my attorney in this matter, and I am pleading

9  guilty because I am guilty of the charge and wish to take advantage

10  of the promises set forth in this agreement, and not for any other

11  reason.

12  _Rafia S. Shareef_                    _2/26/20_

13  RAFIA SULTANA SHAREEF                  Date
    Defendant

14

15                CERTIFICATION OF DEFENDANT'S ATTORNEY

16      I am RAFIA SULTANA SHAREEF's attorney.  I have carefully and

17  thoroughly discussed every part of this agreement with my client.

18  Further, I have fully advised my client of her rights, of possible

19  pretrial motions that might be filed, of possible defenses that might

20  be asserted either prior to or at trial, of the sentencing factors

21  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

22  provisions, and of the consequences of entering into this agreement.

23  To my knowledge: no promises, inducements, or representations of any

24  kind have been made to my client other than those contained in this

25  agreement; no one has threatened or forced my client in any way to

26  enter into this agreement; my client's decision to enter into this

27  agreement is an informed and voluntary one; and the factual basis set

28

                              19

forth in this agreement is sufficient to support my client's entry of

a guilty plea pursuant to this agreement.

_____     26 Feb 20
CHARLES SWIFT                         Date
Attorney for Defendant
RAFIA SULTANA SHAREEF

**EXHIBIT A**

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          No.

12             Plaintiff,               I N F O R M A T I O N

13             v.                       [18 U.S.C. § 1519: Alteration,
                                        Destruction, and Mutilation of
14   RAFIA SULTANA SHAREEF,             Records]
        aka "Rafia Farook,"
15
               Defendant.
16

17

18        The Attorney for the United States charges:

19                      [18 U.S.C. § 1519]

20        On or about December 2, 2015, in San Bernardino County, within

21   the Central District of California, defendant RAFIA SULTANA SHAREEF,

22   also known as "Rafia Farook," knowingly altered, destroyed, and

23   mutilated a document, namely, a handwritten "map" drafted by Syed

24   Rizwan Farook and Tashfeen Malik, two perpetrators of the December 2,

25   2015 terrorist attack at the Inland Regional Center in San

26   Bernardino, California, with the intent to impede, obstruct, and

27   influence the investigation and proper administration of a matter

28

within the jurisdiction of the United States Department of Justice,

and in relation to and in contemplation of any such matter.

TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515


PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

MELANIE SARTORIS
Assistant United States Attorney
Deputy Chief, General Crimes Section

JULIUS J. NAM
Assistant United States Attorney
Criminal Appeals Section