CHARLES D. SWIFT, TX Bar # 24091964
*Pro Hac Vice counsel for Rafia Shareef*
E-Mail: cswift@clcma.org
Constitutional Law Center for Muslims in America (CLCMA)
833 E. Arapaho Rd., Ste. 102
Richardson, Texas 75081
Telephone: 972.914.2507; Facsimile: 972.692.7454

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>RAFIA SULTANA SHAREEF,<br><br>aka "Rafia Farook,"<br><br>            Defendant. | Case No. 5:20-cr-00058-JGB<br><br>**DEFENSE SENTENCING MEMORANDUM**<br><br>Sentencing Date: December 4, 2020<br><br>Hearing Time: 10:00 a.m. |

### DEFENSE SENTENCING MEMORANDUM

Defendant Rafia Shareef ("Ms. Shareef"), through counsel, respectfully submits this Sentencing Memorandum in connection with her sentencing by this Court on December 4, 2020. On March 16, 2020, Ms. Shareef entered a guilty plea before this Honorable Court to one count of Alteration, Destruction, and Mutilation of Records, in violation of 18 USC §1519. Ms. Shareef accepts full responsibility for her actions, and through this memorandum seeks to provide the Court with information pertinent to her sentencing in the interests of justice under 18 USC § 3553(a).

1

**SENTENCING ANAYLYSIS**

In accordance with *United States v. Booker*, 543 U.S. 220 (2005), the Court is directed to impose a sentence in accordance with 18 U.S.C. § 3553(a). In so doing, the Court is to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of punishment set forth in 18 USC § 3553(a)(2). *Id*. (emphasis added); see, e.g., *Kimbrough v. United States*, 552 U.S. 85, 111 (2007) ("sufficient, but not greater than necessary" requirement is the "overarching instruction" of § 3553(a)). Those purposes include "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 USC §3553(a)(2)(A); "to afford adequate deterrence to criminal conduct," *id*. § 3553(a)(2)(B); "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C); and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id*. § 3553(a)(2)(D). In determining a sentence "sufficient, but not greater than necessary" to accomplish these purposes, courts must consider a number of factors, including (as relevant here) "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1); the guidelines sentencing range and any applicable Sentencing Commission policy statements, id. § 3553(a)(4), (5); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id*. at § 3553(a)(6).

Based on the above criteria, the Ms. Shareef respectfully submits for the reasons set forth below, that a sentence of 6 months home confinement followed by 2 years of probation in accordance with §5B1.1, note 1(b), and §5C1.1[1] is sufficient but not greater than necessary in this case.

---

[1] This sentence is permissible under the recommended guidelines because the it represents the minimum term of the defendant's recommended guidelines range (six months), and which may be met by six months of home detention as provided in §5C1.1 (c)(3) and the defendant is eligible for not less than one year nor more than five years' probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1).

**I.     SENTENCING FACTORS UNDER 18 USC § 3553(a)**

    **A.  History and Characteristics of the Defendant**

Ms. Shareef's history and characteristics are largely set out in the presentence report. In formulating a sentence, defense respectfully suggest that her age and medical condition, lack of prior criminal history, and prior history as a victim of domestic abuse are particularly relevant.

Ms. Shareef is now 68 years of age with recent history of rather serve arthritis.  Under ordinary circumstances, these conditions would make confinement more difficult for her than an average defendant.  In the present pandemic, they make her particularly susceptible to adverse outcomes from COVID-19 infection. To date Ms. Shareef has mitigated these risks by largely remaining in isolation for the past eight months.  Exposure in large populations in a custodial setting, no matter the precautions taken, will increase her risk of infection during the second wave of the virus.

Mitigating the risks by eschewing a sentence of confinement is appropriate given her health risks/age. Ms. Shareef's agreed guidelines calculation would place her in Zone C where a split sentence is among the recommended options. The government, however, has indicated that, in light of Ms. Shareef's cooperation, they will be recommending a downward departure, which presumably will place her in Zone B or lower, where a recommendation of probation or home confinement is appropriate.

Even if the recommendation were insufficient to place Ms. Shareef in Zone B or lower, the present circumstances of a pandemic were not contemplated in the Guidelines.  Under the present circumstances, splitting a sentence and likely exposing Ms. Shareef to a greater risk of infection in order to serve a comparatively short sentence of confinement, does not serve the interests of justice.

Likewise, Ms. Shareef's history as an upstanding citizen who had successfully assimilated and contributed to our society prior to her offense, combined with no violation during her pre-trial release,

evidences that custodial confinement is not necessary to achieve either rehabilitation or protection of society.

Finally, as any child knows waiting for a punishment is often more painful than the punishment itself.  In Ms. Shareef's case, there have been good reasons for the delays in sentencing.  Nevertheless, waiting has not been easy on her.  Because of the domestic violence that Ms. Shareef endured in the past, she suffers from an anxiety disorder.  Her anxiety disorder has made the past eight months particularly difficult for Ms. Shareef.   This mental health condition respectfully deserves some consideration.

### B.  Nature and Circumstances of the Offense

Ms. Shareef acknowledges that her criminal conduct is related to an extraordinary heinous crime. There are, however, extenuating and mitigating facts that counsel respectfully submits this Court should take into consideration when evaluating the nature and circumstances of the offense.

1. Extenuating Facts

The extenuating facts concerning the offense include Ms. Shareef's mental health and the impulsive nature of her offense.

On the evening of December 1, 2015, Ms. Shareef returned from her daughter Eba's residence, to her home where she was living with her son, Rizwan Farook, and his wife, Tashfeen Malik. Ms. Shareef was feeling ill and went to bed without seeing the couple. The next morning Rizwan woke her and told her that he was taking his wife to the doctor and asked her to babysit the couple's infant son.

Still feeling sick, Ms. Shareef accepted care of the child, and over the course of the morning, attempted to care for him. Ms. Shareef reports that the child was fussy and cried constantly throughout the morning. During this time, Ms. Shareef stayed predominantly in her room with the child. During the

course of the morning, Ms. Shareef became increasingly upset when Rizwan and Malik failed to return and failed to answer their phones.

Ms. Shareef became distraught when contacted by her daughter, Eba, who told her that there had been a shooting and that the media was reporting the potential involvement of another of her sons, Syed Raheel Farook, in the shooting. Further, news that Raheel was at work did little to calm her because of Rizwan and Malik were still missing and she had a growing apprehension that Rizwan might somehow be involved. Her apprehension blossomed into panic when Ms. Shareef's daughter, Eba, and her daughter-in-law, Tatiana, arrived at Ms. Shareef's home. Ms. Shareef learned for the first time that her car, which Rizwan had been using, was still at the home. Confronted with the fact that Rizwan had obviously lied about going to the doctor, Ms. Shareef went to Rizwan and Malik's room and saw that that they had emptied their closets, had apparently bought children clothing for the future, and had packed up their belongs.

In their room, Ms. Shareef also saw a piece of yellow paper on floor beside Rizwan's shredder. She picked up paper and saw that it was a hand drawn map of what Ms. Shareef believed was the route to Big Bear. Big Bear was an area that she gone to with her children in the past and an area where Rizwan had worked for a time  At this point Ms. Shareef, who for the past ten years has been treated for an anxiety, made the impulsive decision for which she now stands convicted. She placed the map into the shredder in the couple's room and shredded it, thereby concealing evidence of where her son and daughter could have been planning to flee and obstructing any subsequent investigation.

2. Mitigating Facts

After committing the offense, rather than concealing that she had shredded the map from her family, Ms. Shareef told her daughter what she had done. Any doubts Ms. Shareef might have had concerning the wrongfulness of her actions were dispelled when her daughter told her what she had

5

done was wrong. With that in mind, what she did next mitigates in part her earlier destruction of the map.

Authorities searching the home after the attack overlooked the shredder during their search and failed to seize either the shredder or the contents of the attached waste bin. After the initial search of the couple's home, the authorities did not secure the residence. On December 5, 2015, local media entered the home and conducted their own search airing footage of the couple's bedroom, including the shredder and its contents. Despite the media focusing on the shredder, the agents did not return and take the shredder nor the shredded documents into evidence.

Consequently, when the Ms. Shareef and her family came back approximately two week later to clean out the remaining items from the home, the shredder and the contents of the shredder bin were still there. It was at this point that Ms. Shareef made a good decision. Rather than disposing of the contents of the shredder bin, Ms. Shareef suggested to her son that they keep them and try to reassemble the documents. Over the next year, Ms. Shareef and her son, Raheel, unsuccessfully attempted to piece back together the shredded documents.

Ms. Shareef did not urge her family to conceal what she had done. Instead, during their proffers following charges concerning marriage fraud, Raheel and Eba told the agents about Ms. Shareef's statement concerning the map, the preservation of the contents of the shredder, and their efforts to reconstruct the documents. As result, the FBI conducted a second warranted search of Raheel's house and seized the contents of the shredder.

The FBI Forensic Lab was able to succeed were Ms. Shareef and her son had failed, and pieced together some of the documents that had been shredded including: A copy of Malik's passport, school records, a hand drawn diagram of the Convention center ,and checklist created by Rizwan in

preparation for the attack. The FBI did not assemble the map on the yellow piece of paper that Ms. Shareef described as the document she shredded.

As this Court is aware, Rizwan Shareef made a considerable effort to thwart investigation prior to the commencement of the attack, including the destruction of electronic device security on his cell phone and apparently shredding documents. Most of these efforts were ultimately overcome through painstaking investigative work. The shredded documents which were initially overlooked, however, would have not been available to the investigation but for Ms. Shareef's decision to preserve them. While Ms. Shareef is culpable for also shredding a document, she mitigated her culpability by her preservation of all of the shredded documents that ultimately aided the investigation.

The final mitigating circumstance is that as part of her plea agreement, Ms. Shareef participated in multiple interviews with the FBI and Assistant US Attorney's from the Middle District of California. These interviews were conducted in person over the past six months. At the conclusion of the interviews, the government has indicated to counsel that Ms. Shareef's cooperation substantially assisted their investigation. While this investigation is unlikely to produce additional prosecutions requiring her testimony, it is Ms. Shareef's fervent hope that her cooperation will aid law enforcement in preventing similar attacks in the future.

### C. Sentencing Guidelines Range

Pursuant to her plea agreement, Ms. Shareef agreed to a Guidelines offense level of 13.[2] Ms. Shareef agrees with Probation that her Criminal History Category is 1 resulting in a guidelines

---

[2] The offense level includes a 2-point increase for destruction of document that substantially hindered the government's investigation. The government sought this increase with belief that the document destroyed was the sheet of paper on which Rizwan made a right sketch of the convention center where he intended to stage his attack and created a to-do list in preparation for the attack. Ms. Shareef disagreed that this was the document she destroyed but nevertheless agreed to the 2-point increase as the map which she believed she destroyed of the couple's intended flight likewise significantly impeded the investigation.

recommended range of 12 to 18 months.  The government, however has indicated that it will seek a downward departure of three levels based on §5K1.1 for substantial assistance to authorities, resulting in a Guidelines recommended sentence in Zone B of 6 to 12 months.

### D.  The Need to Avoid Unwarranted Sentence Disparities

The unique circumstances - including in particular Ms. Shareef's role in preserving the documents she destroyed, preserving the documents destroyed by Rizwan, cooperation in the investigation, coupled with the present health crisis - sufficiently distinguish this offense and the defendant from the heartland of offenses under 18 USC § 1519. These reasons justify a sentence that does not include custodial confinement and does not create an unwarranted disparity.

## II.    PURPOSES UNDER 18 USC § 3553(a)(2)

### A.  Seriousness Of The Offense, To Promote Respect For The Law, And To Provide Just Punishment For The Offense

Ms. Shareef does not dispute that obstruction is a serious offense nor does she dispute the need to promote respect for the investigative process.  In this case, however, a non-custodial sentence is a just punishment because it balances the initial impulsive action with the deliberate actions both before discovery of the offense, and with Ms. Shareef's acceptance of responsibility and cooperation after discovery.

### B.  Deterrence and Protection of the Public

Custodial confinement is not necessary to deter Ms. Shareef from further criminal conduct.  Ms. Shareef's actions in preserving the document she destroyed after her daughter drew her attention to the fact that what she had done was wrong, demonstrate that prior to detection, she modified her conduct. Ms. Shareef's willingness to plead guilty and cooperate with the government's investigation, further demonstrates a desire to aid rather obstruct the investigation.  With these facts in mind, this Court can

have confidence that Ms. Shareef's criminal conduct represents a singular action in her life that she will not repeat, and for which in-custody confinement is not necessary.

Custodial confinement is also not necessary for the protection of the public. Although her offense relates to a horrendous act of terrorism, there is no evidence that she shares the beliefs that motivated that attack, nor in any way knew of the impending attack in advance. Rather, she abhors violence, loves her adopted country, and is grateful for the opportunities provided to her. In short, she presents no threat to the public requiring incarceration.

### C. The Need for Care, Treatment or Training of Defendant

During the present pandemic, a custodial sentence does not promote the defendant's welfare or address the any condition that contributed to the offense. The defendant, to be sure, has medical and psychological needs, but these needs would not be addressed in custody. Instead, the defendant would be subject to significant risk of unintended, but clearly foreseeable, harm.

### III. MS. SHAREEF'S SENTENCING RECOMMENDATIONS AND REQUESTED FINDINGS

### A. Six Month's Home Confinement Followed by Two Years' Probation

The requested sentence is within the Guidelines suggested range for a Zone B under the Guidelines and is supported by the Sentencing Factors under 18 USC § 3553(a) and the Purposes of Sentencing under 18 USC § 3553(a)(2). Ms. Shareef respectfully requests that this Court find that this sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing in her case.

### B. No Fine Should Be Imposed

Ms. Shareef also respectfully requests that this Court find that a fine is inappropriate in her case. Ms. Shareef obtained no tangible benefit from her criminal activity that might require a fine. Further, at 68 years of age and retired, she has a fixed income with little to no discretionary funds with which to

repay any fine that this Court would impose. Under these circumstances, she requests that this Court not impose any fine in her case, apart from the mandatory LFOs.

Respectfully Submitted this 20th day of November, 2020.

*s/ Charles D. Swift*
Charles D. Swift
*Pro Hac* Attorney for Rafia Shareef
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd, Suite 102
Richardson, TX  75081
Phone: (972) 914-2507
Fax: (972) 692-7454

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th of November 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send a notice of electronic filing to all counsel of record.

*s/ Charles D. Swift*
Charles D. Swift
*Pro Hac* Attorney for Rafia Shareef
