TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MELANIE SARTORIS (California Bar No. 217560)
Assistant United States Attorney
Deputy Chief, General Crimes Section
JULIUS J. NAM (California Bar No. 288961)
Assistant United States Attorney
Deputy Chief, Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (213) 894-5615; (951) 276-6942
    Facsimile: (951) 276-6202
    E-mail:   melanie.sartoris@usdoj.gov
              julius.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-58-JGB |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM; EXHIBITS 2-10 |
| v. | |
| RAFIA SULTANA SHAREEF, | **[REDACTED]**[1] |
| Defendant. | Hearing Date: December 4, 2020<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the Hon. Jesus G. Bernal |

    The United States of America, by and through its counsel of record, hereby respectfully submits its Response to the Sentencing

---

[1] The government is concurrently filing (1) unredacted versions of this Response and Exhibits 2-10 with a request to file those documents under seal and (2) a redacted version of this Response publicly on the case docket.

Memorandum submitted by defendant RAFIA SULTANA SHAREEF ("defendant").

The government's Response is based on the attached memorandum of points and authorities and exhibits, the government's Position Regarding Sentencing and Exhibit 1 to that Position, the files and records in this case, the Revised Presentence Investigation Report and recommendation letter, the Addendum to the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: November 23, 2020    Respectfully submitted,

TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

 /s/ Julius J. Nam
MELANIE SARTORIS
JULIUS J. NAM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government responds to correct erroneous assertions in defendant's "Mitigating Facts" section of her Sentencing Memorandum (Dkt. 34).  Defendant's version of her conduct prior to pleading guilty in this case is fraught with misrepresentations of fact and sequence.  Her conduct after shredding a "map" directly related to the December 2, 2015 terrorist attack perpetrated by her son, Syed Rizwan Farook ("Rizwan"), and her daughter-in-law, Tashfeen Malik ("Malik"), only preserved the obstruction of justice she caused.  Defendant did not change course until the government advised her that she would be charged in this case.  Her conduct before that point in time is not mitigating and the Court should give it no credit.

The government's recommended mid-range sentence of nine months' imprisonment and three years of supervised release more than fairly weighs the extraordinary gravity of defendant's obstruction of a federal investigation into mass murder against the known mitigating factors discussed in the Presentence Investigation Report and the government's Position Regarding Sentencing.  While the Court should consider all relevant mitigating factors under 18 U.S.C. § 3553(a), defendant's revision of her conduct regarding the shredded material prior to pleading guilty is not among them.

**II.   OBJECTIONS TO DEFENDANT'S UNSUPPORTED ASSERTIONS**

   **A.   Witness Statements Do Not Corroborate Defendant's Alleged "Preservation" of the Shredded Material; Regardless, Preservation of Destroyed Evidence Is Not a Mitigating Fact**

Defendant asserts without corroboration that, after shredding the map and not informing any law enforcement, she made "a good decision" to "suggest[] to her son [Raheel Farook ("Raheel")] that

they keep and try to reassemble" the shredded material from the same shredder into which defendant fed the map for destruction. (Dkt. 34 at 6.) Defendant also claims that she joined Raheel in "attempt[ing] to piece back together the shredded documents." (Id.) She further suggests that by "not urg[ing] her family to conceal what she had done," she had some role in information about her crime being revealed to law enforcement, even "ultimately aid[ing] the investigation." (Id. at 6, 7.) Those claims are contradicted by numerous witness statements and the evidence and record of this case.

Even if defendant's new version of events had some factual basis, that someone else preserved and sought to reconstruct the very evidence she destroyed does not mitigate her conduct. Her sentencing position makes clear that she continued to view the shredded material as significant and probative, yet did not provide it to law enforcement and instead kept it within her family home while secretly reconstructing the documents until the shredded material was seized by law enforcement pursuant to search warrants. Indeed, even if defendant personally further manipulated and altered the shredded material alongside Raheel, which she knew to include content especially probative to an investigation she knew to be ongoing, that conduct would in fact be aggravating because it would arguably constitute an ongoing crime.

But the fact remains that witnesses who have spoken with the FBI have uniformly described the preservation of the shredded material as Raheel's initiative, not defendant's. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



1  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8       In short, any suggestion that the disclosure of defendant's
9  obstruction conduct occurred at defendant's behest has no basis in
10 the record.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮ ▮▮▮▮▮▮▮▮▮▮
19   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25 ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28 ▮▮▮▮

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  ▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  ▓▓▓  There is no indication in these
10 witness statements that defendant in any way encouraged her family
11 members to disclose information about the shredding, the shredded
12 material, or any aspect of defendant's crime.
13     In sum, none of the witness statements support the notion that
14 defendant had any role in preserving and reconstructing the shredded
15 material.  Nor do the witnesses corroborate the suggestion that
16 defendant encouraged her family members to share information about
17 defendant's shredding, thereby ultimately aiding the investigation.
18     Even if, arguendo, defendant had some role in saving and
19 reconstructing the shredded material, defendant fails to explain how
20 not discarding the evidence of her own crime or helping to piece back
21 together the nearly pulverized documents--while continually failing
22 to report the details of the content of the map she saw to law
23 enforcement--can have any mitigating effect.  Besides, witnesses are
24 clear that Raheel's (and perhaps defendant's) primary motivation in
25 preserving the shredded material was to satisfy their interest in
26 understanding what Rizwan and Malik were planning and why.  Far more
27 important than to satisfy their personal curiosities, however, was
28 law enforcement's need to see and analyze the especially probative

1  document to protect and reassure the community not only on December
2  2, 2015, but on each day that followed.  But defendant still seems to
3  fail to grasp how significantly she obstructed the investigation into
4  Rizwan's and Malik's mass murder by shredding the map and keeping the
5  shredded material away from law enforcement.  She in no way "aided
6  the investigation" by keeping and reassembling the shredded material.
7  Rather, she and Raheel further impeded it.  By attempting to
8  reconstruct the material and thereby re-altering the documents that
9  defendant knew and Raheel suspected to be highly probative to the
10 terrorist attack, defendant and Raheel, at minimum, acted grossly
11 irresponsibly and further obstructed the ongoing federal
12 investigation into mass murder.

13 **B. Defendant Incorrectly Asserts that the FBI's Seizure of the Shredded Material Resulted from Statements by Raheel and**
14 **Eba Farook**

15     Defendant is flatly wrong in claiming that "the FBI conducted a
16 second warranted search of Raheel's house and seized the contents of
17 the shredder" as a result of proffered statements by Eba Farook
18 ("Eba"), defendant's daughter, and Raheel.  (Dkt. 34 at 6.)  Nothing
19 Raheel or Eba said or did had any mitigating value for defendant.
20 Nor did their statements about the shredded document lead to the
21 FBI's seizure of the shredded material.
22     At the time of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 2017 statements to the FBI
23 about defendant's destruction of the map, the FBI was already in
24 possession of the shredded material, including Raheel's attempted
25 reconstruction of the material.  That was because the FBI had seized
26 the shredded material from Raheel's Corona residence in February 2016
27 when the FBI executed a search warrant there.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28 That search took place before any witness provided statements about

6

1  defendant's crime.  And, by the time ▓▓▓▓▓▓▓▓▓ spoke to the FBI
2  about that crime, the FBI was already aware of defendant's
3  destruction of the map after ▓▓▓▓▓ disclosed it in September 2016.
4  ▓▓▓▓▓▓▓▓▓▓▓  During that interview, ▓▓▓▓▓▓ shared with the
5  FBI what ▓▓▓▓▓ had relayed to ▓▓--that defendant had admitted ▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that defendant had shredded the map
7  to prevent it from being discovered by law enforcement.  (Id.)
8      Neither ▓▓▓▓▓ disclosure to ▓▓▓▓▓▓▓▓▓▓▓▓ sometime
9  between December 2015 and April 2016 ▓▓▓▓▓▓▓▓▓▓ nor
10 ▓▓▓▓▓▓ disclosure to the FBI in September 2016 ▓▓▓▓▓▓▓▓▓▓
11 regarding defendant's crime occurred at defendant's behest or
12 suggestion.  Thus, defendant cannot take any credit for those
13 statements.  Even if ▓▓▓▓▓▓▓▓▓▓ later statements to the FBI
14 occurred in the context of defendant "not urg[ing] her family to
15 conceal what she had done" (see Dkt. 34 at 6), not actively
16 preventing disclosure of the truth to law enforcement and causing
17 them to also obstruct justice can hardly constitute a mitigating
18 factor.  Defendant's suggestion that she "ultimately aided the
19 investigation" strains all credulity (id. at 7), given that, having
20 destroyed especially probative evidence to impede a federal
21 investigation, she knew that Raheel collected the shredded material
22 and brought it to his Corona residence, knew that Raheel attempted to
23 reconstruct the material, knew that the FBI seized the material when
24 the Corona residence was searched, but never came forward to reveal
25 and explain what she did.  What defendant in fact preserved until she
26 was charged was the colossal obstruction she caused.
27      Accordingly, the "Mitigating Facts" section of defendant's
28 sentencing memorandum merits little weight, save for the fact that

7

she did plead and cooperate <u>after</u> the government painstakingly gathered evidence of her crime and notified her of impending prosecution.  The government's departure motion already adequately accounts for those ex post efforts and its recommended nine-month custodial sentence in the middle of a post-departure Guidelines range is fair, just, and even generous.

**III. CONCLUSION**

The government again respectfully requests that this Court impose a sentence of nine months' imprisonment, three years of supervised release, and a special assessment of $100.

Dated: November 23, 2020          Respectfully submitted,

TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


 */s/ Julius J. Nam*
MELANIE SARTORIS
JULIUS J. NAM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

8

# CERTIFICATE OF SERVICE

I, Stephanie Ascencio, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM [REDACTED]**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By email delivery, as follows: **SEE ATTACHED**

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **November 23, 2020**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

/s/ *Stephanie Ascencio*
Stephanie Ascencio
Legal Assistant

**ATTACHMENT**

Charles Swift
cswift@clcma.og

USPO Officer Elizabeth Morony
Elizabeth_Morony@cacp.uscourts.gov

2